```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


JERMAINE TAYLOR,                  )
                                  )
             Plaintiff            )
                                  )
       v.                         )   Case No. 2:06 cv 256
                                  )
HAMMOND POLICE DEPARTMENT; SGT.   )
TIMOTHY THOMAS, Individually      )
and in his capacity as a          )
Hammond Police Officer; JOHN      )
DOE,                              )
                                  )
             Defendants           )
```

                        OPINION AND ORDER

This matter is before the court on the Motion to Stay Proceedings filed by the defendant, City of Hammond, on October 24, 2007 (DE 28); the Motion for an Order of Inspection of the Clothing in the Possession of Defendant, City of Hammond filed by the plaintiff, Jermaine Taylor, on November 12, 2007 (DE 31); and the Motion for Extension of Time to File Response to Plaintiff's Motion to Compel filed by the defendant, City of Hammond, on November 27, 2007 (DE 34). For the following reasons, the Motion to Stay Proceedings filed by the defendant, City of Hammond (DE 28) is **GRANTED**; the Motion for an Order of Inspection of the Clothing in the Possession of Defendant, City of Hammond, filed by the plaintiff, Jermaine Taylor, (DE 31) is **DENIED WITHOUT PREJUDICE**; and the Motion for Extension of Time to File Response to Plaintiff's Motion to Compel, filed by the defendant, City of Hammond, (DE 34) is **DENIED AS MOOT.**

Background

According to the complaint, on New Year's Eve 2005, Hammond Police Sergeant Timothy Thomas was dispatched to a Hammond, Indiana address in response to reports of gun shots. Taylor claims that as he was walking home in that same area, he encountered individuals celebrating the new year by firing guns into the air. Taylor passed these individuals and was walking through a yard when Sergeant Thomas arrived.

Taylor's complaint indicates that he was shot, but the complaint and his briefing do not shed light on the circumstances of this shooting. Thomas stated that he watched while a group of individuals fired a weapon, presumably at a street light. As these individuals ceased shooting and began to enter a vehicle, Thomas shined his light on them, identified himself, and yelled to the individuals to raise their hands. Thomas indicated that Taylor was one of these individuals and that Taylor and other individuals ran while another remained in the vehicle. Thomas stated that Taylor then ran toward him, his jacket swinging as though it had something heavy in the pocket. According to Thomas, when Taylor was about 25 yards from him, Taylor reached into his pocket. In response, Thomas "fired rapidly" at him.

Based on the incident, Taylor was charged with resisting law enforcement. This case is pending in Indiana state court. Taylor also brought this claim, seeking damages based upon allegations of excessive force.

Discussion

The doctrine established in **Younger v. Harris**, 401 U.S. 37, 53, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971), prohibits a federal court from enjoining a state criminal prosecution. This limit to the federal court's involvement in a state court criminal action has grown to encompass damage actions that could interfere with a state criminal proceeding even short of having a preclusive effect. **Simpson v. Rowan**, 73 F.3d 134, 138 (7th Cir. 1996)("For instance, were Simpson to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of Simpson's constitutional defenses to his criminal conviction.").

If this potential for interference is present, the

> federal court [must] abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances-like bias or harassment-exist which auger against abstention.
>
> **FreeEats.com, Inc. v. Indiana**, 502 F.3d 590, 596 (7th Cir. 2007)

Taylor was charged with resisting law enforcement, Indiana Code 35-44-3-3, which in pertinent part states that "a person who knowingly or intentionally forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting a law enforcement officer while the officer is lawfully engaged in the execution of the officers duties" violates this section. *See*

3

*Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993). Taylor's complaint in this court seeks recovery on the allegation that Thomas' use of force was unconstitutionally excessive. To prove this claim, Taylor must show that the use of force was objectively unreasonable. *See* **Bell v. Irwin**, 321 F.3d 637, 639 (7th Cir. 2003).

In addressing the risk that the federal action could interfere with the state criminal proceeding, Taylor makes the extraordinary statement that "the charge of resisting law enforcement does not have anything to do with his excessive force claim." This statement is belied by the very language of the Indiana statute, which requires the state to prove that Thomas was "lawfully engaged" in his duties as an officer. *See* **Johnson v. State**, 747 N.E.2d 623, 631 (Ind. App. 2001)(noting that the elements of a conviction for resisting law enforcement include "(1) knowingly or intentionally; (2) forcibly resisted, obstructed or interfered; (3) with a law enforcement officer; (4) while the officer was lawfully engaged in the execution of his duties as an officer."). Indiana courts have recognized that the use of the term "lawful" in the statute "seems to contravene the modern rule that a private citizen may not use force in resisting a peaceful arrest by an individual who he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful." **Adkisson v. State**, 728 N.E.2d 175, 178 (Ind. App. 2000).

4

The Indiana decisions are particularly focused upon a requirement of lawfulness when an officer enters a private residence. See **Sapan v. State**, 869 N.E.2d 1273, 1280 (Ind. App. 2007)("We have recognized that a greater privilege exists to resist an unlawful entry into private premises than to resist an unlawful arrest in a public place."). In addition, Indiana law supports the conclusion that "a citizen has the right to resist an officer that has used unconstitutionally excessive force in effecting an arrest, but the force used to resist the officer's excessive force may not be disproportionate to the situation." **Wilson v. State**, 842 N.E.2d 443, 448 (Ind. App. 2006).

If the state's charge of resisting law enforcement is not based on Taylor's alleged obstruction or interference with the officer - see I.C. 35-44-3-3(a)(1) - but instead is based upon fleeing from Thomas - see I.C. 35-44-3-3(a)(3) - there is support for the conclusion that evidence of flight following an officer's order to stop is admissible in a prosecution for resisting law enforcement *regardless of the lawfulness of the order (emphasis added).* See **Corbin v. State**, 568 N.E.2d 1064, 1065 (Ind. App. 1991). This argument is buttressed by the fact that this subsection of the statute makes no reference to the "lawfulness" of the officer's order to stop.

Whether Thomas' acts were lawful, or are necessary to gauge by the lawfulness standard described in **Adkissson**, currently is not at issue. However, there is significant indication that the lawfulness of Thomas' conduct could become central in both

5

proceedings. The issues will hinge on questions that include whether he yelled "stop," whether Taylor initially fled, whether he was charging at Thomas, and whether there was cause to believe Taylor was armed and reaching for a weapon. These questions are raised in both proceedings.  This is more than sufficient "interference" to require this court to stay the federal cause of action during the pendency of the state proceeding pursuant to *Younger* abstention.

The court notes that the risk of interference is further indicated by the plaintiff's own subsequent motion, which seeks an order from this court compelling the state authorities to turn over evidence in the state court proceedings for its evidentiary use in this proceeding. Based upon this significant overlap of factual considerations, the court further notes that it is within its inherent power to stay this matter. *See Jackson v. Van Kampen Series Fund, Inc*., Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090 at *2 (S.D. Ill. May 24,  2007) (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936)("The decision to issue a stay rests within the Court's discretion, subject to the requirement that such discretion be exercised in a manner that is consistent with equity and judicial economy."). Accordingly, the defendant's motion to stay is **GRANTED**.

_____

For the foregoing reasons, the Motion to Stay Proceedings filed by the defendant, City of Hammond on October 24, 2007 (DE

28) is **GRANTED**;  the Motion for an Order of Inspection of the Clothing in the Possession of Defendant, City of Hammond, filed by the plaintiff, Jermaine Taylor on November 12, 2007 (DE 31) is **DENIED WITHOUT PREJUDICE**; and the Motion for Extension of Time to File Response to Plaintiff's Motion to Compel filed by the defendant, City of Hammond on November 27, 2007 (DE 34) is **DENIED AS MOOT.**

ENTERED this 12th day of December, 2007


                                s/ ANDREW P. RODOVICH
                                  United States Magistrate Judge